AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| United States of America | ) |  |  |
|---|---|---|---|
| v. | ) |  |  |
|  | ) | Case No. | 22-MJ-5330-JGD |
| Javier Bello | ) |  |  |
| *Defendant* | ) |  |  |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☑ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☑ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ❒ Prior attempt(s) to evade law enforcement
- ☑ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

SEE ATTACHED SHEET

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 11/02/2022                                                                    /s/ Judith Gail Dein
                                                                                                United States Magistrate Judge

Javier Bello Detention Order
22-MJ-5330-JGD
November 2, 2022

The defendant Javier Bello is charged in a multi-defendant criminal complaint with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846. At this point the evidence against him appears strong. Since 2019, DEA has been engaged in an investigation into the distribution of various controlled substances in the North Shore area of Massachusetts. The investigation focused in on a drug trafficking organization ("DTO") allegedly headed by defendants Lawrence Michael Nagle and his brother Christopher Nagle. The investigation included controlled buys, Title III wiretaps on 5 phones, electronic and physical surveillance, search warrants, and other investigatory tools. The defendant Javier Bello was identified as a large-scale distributor of various controlled substances, including marijuana, suspected crack cocaine, counterfeit oxycodone pills containing fentanyl, counterfeit Adderall pills containing methamphetamine and powder fentanyl. From at least December 2021 through the date of his arrest on October 25, 2022, wiretaps and surveillance, among other things, established that Bello was engaged in an active and large drug trafficking business. (See Ex. 1 ¶ 59 summarizing representative narcotics transactions). He oversaw the drug trafficking activities of various co-defendants. On occasion he personally delivered drugs to various customers. For example, on May 24, 2022, Bello delivered 1,000 counterfeit oxycodone pills containing fentanyl, weighing more than 130 grams, and a quantity of marijuana, to co-defendant Edward Ortiz. The drugs were seized from Ortiz shortly after the sale was consummated, and wiretaps revealed that Ortiz notified Bello of the seizure shortly after it occurred. (Ex. 2 ¶¶ 47-56).

The investigation revealed that Bello used at least 4 locations to stash drugs. The facts detailing Bello's use and control of these locations are detailed in the three affidavits that were submitted into evidence. For example, Bello used Target Location #7, an apartment in Lynn, to conduct drug transactions. The apartment was occupied by Isaac Clayton with Bello's consent, and the address was used by Bello in a fake Massachusetts driver's license under the name Warren Phelps. On May 6, 2022 Bello was intercepted arranging for Clayton to have a firearm under the couch in the apartment so it would be available when Bello conducted a drug transaction. When investigators executed a search warrant on October 25, 2022 in connection with the arrests in this case, they found distribution amounts of fentanyl, marijuana, cutting agent, 3 firearms and $2,640. (Ex. 1 ¶¶ 61-64). Bello also used his mother's residence, co-defendant Chevon Dorce, as a stash house (Target Location #8) with her consent, as evidenced by numerous intercepted phone calls and surveillance. On October 25, 2022 a search revealed a pill press, a .38 revolver with an obliterated serial number, substantial distribution weight quantities of fentanyl, cutting and binding agents, and $37,391 in cash. There is also evidence that a money counting machine was at the residence at one point. (Ex. 1 ¶ 65-74). Bello also used the residence of co-defendant Kion Shepherd's mother as a stash house, as evidenced by wire taps and surveillance. (Target Location #12). A search warrant on that location was executed on October 25, 2022, at which time distribution quantities of fentanyl were located, as was a .380 caliber pistol with an obliterated serial number and six rounds of ammunition. (Ex. 1 ¶¶ 75-78). Bello also used his residence as a stash house (Target Location #18) as established by surveillance and intercepted phone conversations. During the search on October 25, 2022, investigators located $83,900 in cash. (Ex. 1 ¶¶ 76-83).

There is also evidence that Bello purchased a Subaru to be used for drug trafficking activities. He arranged to have a "hide" installed. A search of the vehicle pursuant to a search warrant revealed the hide, which contained a quantity of suspected fentanyl powder, crack cocaine, and fentanyl pills as well

1

as two fraudulent Massachusetts driver's licenses, one of which had Bello's photograph in the name of Warren Phelps. (Ex. 1 ¶ 211).

Bello was arrested at the airport on October 25, 2022 on his way to consummate a drug transaction in California. A search of his luggage pursuant to search warrants disclosed $37,500 in cash. (Ex. 1 ¶¶ 84-85).

Bello, age 27, is a life-long resident of Massachusetts. His mother is a co-defendant. His father lives in the Dominican Republic. He has 3 siblings who live in Massachusetts, and lives with his girlfriend of 14 years and their three children ages 7, 6 and 1. He graduated with a high school diploma in 2014.

The defendant has worked since 2018 as a car detailer, and he is paid by car. He also buys and sells car at auctions. His girlfriend works as a home health aide for her grandmother earning $300 per week.

Bello has several arrests for drug distribution and possession, and operating under the influence. It appears that he may have served a 2 year state sentence for possession with intent to distribute. At the time of the events at issue here the defendant was under supervision by the Lynn District Court.

The government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. The defendant has been engaged in a large scale, complex, drug trafficking business, with multiple stash houses. He has access to a number of firearms, including those with obliterated serial numbers. The defendant has no legitimate source of income to support his family, with whom he is apparently close. The drugs involved are very dangerous and addictive. Despite numerous arrests, the defendant has not stopped his criminal behavior. The court has no reason to believe that the defendant would comply with conditions of release.

Similarly, the government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. The defendant has access to a great deal of cash, and has at least one false identification. He faces at least a 10 year mandatory minimum sentence if convicted. The risk of flight is too great for this court to fashion conditions of release.